# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2011

No. 10-10141

Lyle W. Cayce
Clerk

FLUOR CORPORATION,

Plaintiff–Appellee Cross–Appellant

v.

CITADEL EQUITY FUND, LIMITED,

Defendant–Appellant Cross–Appellee

Appeals from the United States District Court
for the Northern District of Texas
No. 3:08-CV-1556

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal arises out of a disagreement concerning the interpretation of an Indenture and Supplemental Indenture, both dated as of February 17, 2004, governing $330 million principal amount of 1.5% Convertible Senior Notes due February 15, 2024. Fluor Corporation, the issuer of the Senior Notes, and Citadel Equity Fund, Ltd., which, prior to June 2008, held approximately $58 million principal amount of the Senior Notes, dispute the calculation of the number of shares of Fluor common stock issued to Citadel upon conversion of its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10141

Senior Notes.  Fluor filed a declaratory judgment action in the District Court for the Northern District of Texas, seeking a declaration that it complied with the terms of the Indentures and Senior Notes in satisfying its conversion obligation, and that Citadel is not entitled to additional shares of Fluor common stock. Citadel filed a counterclaim for breach of contract, seeking $28,296,946, the value of the additional shares of common stock that Citadel contends Fluor owes. Both parties moved for summary judgment.

The district court granted Fluor's motion for summary judgment, and denied Citadel's motion.  Citadel appeals.  We affirm for the reasons stated by the district court in its thorough and well-reasoned Memorandum Opinion and Order, *Fluor Corp. v. Citadel Equity Fund Ltd.*, — F. Supp. 2d —, 2010 WL 184308 (N.D. Tex. Jan. 15, 2010), which we cannot improve upon.  We note that the district court's holding is entirely consistent with *Broad v. Rockwell International Corp.*, 642 F.2d 929 (5th Cir. 1981) (en banc), the case that both parties agree covers the construction of the Indentures, and with the relevant principles of New York contract law.

Fluor cross-appeals from the judgment insofar as the district court ordered each party to bear its own costs.  After entry of judgment, Fluor filed a motion for attorney's fees and a motion to amend the judgment for an award of costs, claiming an entitlement to both as the prevailing party.  The district court granted Citadel's motion to defer a ruling on attorney's fees pending its appeal from the judgment, but may not have addressed the portion of Fluor's motion dealing with costs.  In perhaps an excess of caution, we vacate the allocation of costs in the judgment in order to enable the district court, if such was its intention, to consider Fluor's motion for costs along with its motion for attorney's

No. 10-10141

fees.[1]  In doing so, we intimate no views whatsoever on the merits of Fluor's motion for costs.

Accordingly, we AFFIRM the judgment of the district court, except for its allocation of costs, which we VACATE.  We REMAND for reconsideration of costs.  Citadel shall bear the costs of this appeal.

---

[1] *See Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586–87 (5th Cir. 2006).